Livingston,
 
 J.
 

 delivered the opinion of the Court as follows:
 

 .The ship Hazard and cargo were libelled as prize of war in the District Court of Georgia,' where the was condemned, and the ship restored to the master with an allowance for freight. This sentence being affirmed by the Circuit Court, an appeal as to the- cargo was taken to this Court.
 

 The cargo was claimed in behalf of Messrs. Luning, Gogel & Co. subjects of Sweden, and residing at Gotten-burg. It is impossible to look at the.proofs in this cause, without being at once convinced that this house never-had any interest in it. The papers found oh board leave, not the smallest doubt as to the hostile character of the property, which is also abundantly proved by the witnesses who were examined in the district Court. The shipment was made by Mr. Worrall, a British merchant at Liverpool, and an English supercargo put mi hoard hy the name of Biggies, under whom Mr. Balmer, who Mod the claim* was to act as assistant supercargo. 1 Between Mr. Worrul! and Mr. Lowden, who makes some figure in this transaction, there is proved to exist such an intimate connexion as to render the one chargeable for the declarations and acts of the other, so far as they regard this shipment. Mr. Lowden, in a letter to his correspondent at Charleston, which was on board of the Hazard, says — “ There is likely to he a great di al of business « done betwixt this and Amelia Island.' The vessel that « this goes by has about 900QL worth on hoard. The
 
 tf
 
 parties interested are
 
 m;j particular
 
 friends.” And a little further, on — ‘‘It may perhaps he satisfactory tor ‘‘know
 
 that-we
 
 have full and unlimited authority from ‘‘a respectable house in Gottenburg, to make use-of' ‘‘ their name upon any occasion whatever ; so that, in ‘‘case of capture or detention, thenecessáry prod could <* easily be produced of the neutrality of the property.” Mr. Worrall writes to Mr. Smith, of Charleston, that ‘‘the Russiap vessel Hazard, bound to. Amelia Island, ‘‘was laden by
 
 him in conjunction with some other
 
 “friends.” There was. also, a memorandum on hoard for the government of the supercargo,- signed by Low-
 
 *208
 
 den,, containing, among others, this.instruction,, “ should «you be boarded at sea by men of war oí* privateers, « you must uniformly declare the property to belong to
 
 “
 
 Luning, Gogel & Co/of Gottenburg, as it is represent- “ ed to be by the documents accompanying the cargo. “ Men of war . are apt to board under false colors, and
 
 ss
 
 if you dont stick to the text, you may be deceived.” It may be asked here, why was the supercargo thus cautioned to be on his guard, unless he was in the secret, as he doubtless was, that the documents were colorable,'and the property m fact British ?
 

 Mr. Dalmer, in the claim interposed by him for the cargo, does not swear to its neutrality, but only that the gentlemen at Gotten burg are owners thereof,
 
 as far'as he is
 
 informed$ and it is deserving of attention that Mr. Biggies, the supercargo, not only does not unite with the assistant supercargo in filing this claim, but, on being brought .before the commissioners, refuses to be sworn or examined as a witness in the cause. On his examination, Sometime afterwards,, before the district judge, he states that « he is not acquainted with the owners'of the cárgo « or any. part of it, and cannot swear that Luning, Goff gel & Co. are the -.owners : that he received his instructions from Mr. Worrall as agent of that house.”
 

 There was a short-letter of instructions on board,
 
 io
 
 Biggies and Bahner, dated 8th October, 1813, and proved.to be signed by Luning, Gogel & Co. but the body of which must, no doubt, have been written by Mr. Worrall, or under his direction.
 

 Now although the invoice be made out in the name and for the account and risk of Luning, Gogel & Co. and a letter of instructions sighed by them was found on .board, it would be giving more weight to these formal documents than they are entitled to, should we say, that they have satisfied us, notwithstanding the mass of evidence wbiph this cause presents to the contrary, that the property was other than British through every stage of this transaction, indeed, the advocates of the Appellant, despairing to convince the Court of its neutrality, rely principally on an irregularity in the capture, and oa a suppression by the captors'of aletter of instructions
 
 *209
 
 from Luning, Gogel, & Co. which it is said came to their hands.- '
 

 The capture it is alleged was made within the limits and jurisdiction of Spain. Of this there- is no sufficient evidence, which renders it unnecessary to say what influencethat fact, if established, might have on tliq- ultimate decision of the Court. The suppression of the paper in question is also very imperfectly made out; and if it had been brought into Court and formed part of the evidence in'the cause, it could not possibly do the Appellant aily good ; for á paper merely signed by Luning,. Gogel & Co. and converted into a letter of instructions by Mr. Worrall, in Liverpool, to suit his own purposes, ás must have been the case here, could Have hut lit tie effect id removing any one of the numerous doubts which the circumstances of this case are so well calculated to excite.
 

 A motion has also been made for an order for farther proof. If the Court entertained, any difficulty -as to the reality of this transaction, or believed"th at Messrs. Lu.ning, Gogel & Co. could prove that they were; in fact; the owners of this property, perhaps it- might listen to the application late as it is; but believing, as,it does; that the evidence, as it no\V staiids, is not susceptible of any satisfactory explanation, and that the captors have made out a clear title to the whole cargo shipped by Mió Worrall, it cannot, in justice to them, make any such order.
 

 ,The sentence of the Circuit Court is, therefore, unanimously affirmed with costs. , ’